## Commonwealth ex rel. Bonner v. Bonner

*Philip E. Brockway,* for petitioner.

*Bernard Goldstone,* for respondent.

McKAY, J., October 18, 1963.—In this case the mother of this child, Jeffry Bonner, took it secretly from her and her husband's home some three weeks ago to the home of a sister in Akron, Ohio. Defendant, the father, went to the home where the child was in Akron and secretly took it from that home and brought it back to his sister's home in Brookfield

Township, Ohio. The conduct of both parties, under the circumstances, and the way they separated and secreted from the other what they were doing with the child is reprehensible, particularly that of the father when the mother for some time did not know where her two-year old child was. It is apparent at the moment that the mother is not disposed to become reconciled with the father of the child, although the father has stated to the court in chambers that he desires a reconciliation. The mother need not and cannot be compelled to become reconciled. That is a decision which she must make. I cannot help but feel, however, that the welfare of this child calls for such a reconciliation. A child two years old should grow up in a home with both the father and the mother, and I hope that the mother will change her present opinion that such a reconciliation would not be successful and that therefore she cannot try it. In the meantime we have to decide which is the best place for the child.

Normally, a child of tender years is committed to the custody of its mother, and that may be the ultimate disposition; I cannot say at this time. In view of the mother's premature association with other men within a few days after leaving her husband, I am of the present opinion that for now the welfare of this child requires that it be committed to the custody of the father. The mother should have full rights of visitation at the home of the sister-in-law where the father says he will keep the child and she should, in addition, be permitted to take the child to her sister's in Akron on visits from time to time. The details of such visitation should be worked out by counsel if possible by agreement. If that is not possible, if the mother will submit to the court the times that she would like to have the child on visits and the times she would like to visit the child and the father will submit his proposed plan, we will try to make an order that is

consistent with the wishes of both and if we cannot we will make such order as the situation requires. Both the mother and the father should give a bond that they will present the child in court upon order of the court, for both of them will have the child out of our jurisdiction. And, apparently, we do have jurisdiction. The child is within our jurisdiction at the moment. We are mindful of the fact that normally a mother has the custody of a child two years old. But under the peculiar circumstances of this case, we feel that a temporary order of a different nature is required.

### Order

Now, October 18, 1963, after hearing, Jeffry Bonner is committed to the custody of his father, Harold Bonner, provided the said Harold Bonner shall furnish a bond with surety, though not necessarily a surety company, in the amount of $1,000, conditioned that he will comply with this order and with all future orders requiring the return of the child to this court for a further hearing; and upon consideration, further, that he shall file a power of attorney naming a local Mercer County attorney with full power to accept service of any subsequent orders in this case. The mother, Ginger Bonner, shall have full and complete rights of visitation. She shall have the right to visit the said child at the home of the sister-in-law, Mrs. Louise Greleski, where defendant states he expects to keep the child, at any reasonable time whatever, and for such length of time whatever as she shall desire. In addition she shall have the right from time to time to take the child with her wherever she shall see fit to reside for visits at the conclusion of which she shall return it to the Greleski home, upon her, the mother, giving a bond in the sum of $1,000 to comply with this order of court and future orders relating to the production of the child in court when required for fur-

ther hearings. Said bond shall be with surety, though not necessarily a corporate surety. If the parties through their counsel can agree on a general schedule which will work out these visitation rights, it will not be necessary to make further order. If they cannot so agree and will each submit to the court their wishes in this respect, we will attempt to then file an additional order which will embody the intent of this order.

It may be noted that habeas corpus proceedings are never final and that changed conditions may require a different order. And for this reason the case shall be held in the court's hands subject to future orders at any time after reasonable notice to the other party.

The costs to be paid by defendant.